2005 UT App 358

**Tom BURLEIGH, Petitioner and Appellant,**

v.

**Clint FRIEL, Board of Pardons and Parole, et al., Respondents and Appellees.**

**No. 20050456–CA.**

Court of Appeals of Utah.

Aug. 18, 2005.

Tom Burleigh, Bonneville CCC, Salt Lake City, Appellant pro se.

Mark L. Shurtleff, Attorney General and Natalie A. Wintch, Assistant Attorney General, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and THORNE.

### MEMORANDUM DECISION

PER CURIAM:

¶1 Tom Burleigh appeals the trial court's dismissal of his petition for extraordinary writ. The case is before this court on its own motion for summary disposition based on the lack of a substantial question for review.

¶2 Burleigh asserts that the scheduling of his original parole grant hearing was itself a parole hearing, therefore entitling him to certain due process protections. However, the scheduling of the hearing was clearly not an original parole grant hearing. Further, Burleigh had no protected liberty interest after serving his minimum commitment time absent action by the Board of Pardons and Parole (Board) setting a release or rehearing date.

¶3 Original parole grant hearings are subject to due process requirements. *See Neel v. Holden,* 886 P.2d 1097, 1101 (Utah 1994). "Original" parole hearings are the first hearings at which the Board could establish a tentative release or rehearing date. *See id.* "The function and purpose of the original parole grant hearing is to make the first determination of the actual term the inmate is to serve in prison." *Labrum v. Board of Pardons,* 870 P.2d 902, 908 (Utah 1993). Due process requirements do not apply to every parole hearing, but only to "those parole hearings at which an inmate's release date is fixed or extended." *Neel,* 886 P.2d at 1101.

¶4 The Board's scheduling of Burleigh's original parole hearing was not, in and of itself, a hearing at which his release date was fixed or extended. Rather, it was the statutorily required notification of a parole hearing date. *See* Utah Code Ann. § 77–27–7(1) (2003) (providing that within six months of an offender's commitment, the Board "shall determine . . . a date upon which the offender shall be afforded a hearing to establish a date of release or a date for a rehearing, and shall promptly notify the offender"). The scheduling of a parole hearing did not itself fix or extend a release date, but rather notified Burleigh of the first opportunity for the Board to establish a parole or rehearing date.[1]

¶5 Burleigh argues that scheduling his original parole hearing did extend his release date because the hearing was more than one year after his minimum commitment. However, he has no protected liberty interest in a release after one year on an indeterminate sentence of one to fifteen years. The presumption is that, absent action by the Board, an offender will serve the maximum sentence term. *See* Utah Code Ann. § 77–18–4(3) (2003). Section 77–18–4(3) provides that "every sentence . . . shall continue until the maximum period has been

---

1. Burleigh does not contend that his due process rights were violated by the actual original parole hearing, nor by any of the rehearings.

reached unless sooner terminated or commuted by authority of the Board." *Id.* Therefore, contrary to Burleigh's assertion of an entitlement to release after one year, absent Board action Burleigh would be required to serve the maximum of fifteen years.

¶ 6 Because the scheduling of an original parole hearing was not itself an original parole hearing subject to due process requirements, we need not reach other related issues raised by Burleigh. In addition, Burleigh raises arguments and issues in his response to the court's motion that were not raised below. The general rule is that "issues not raised at trial cannot be argued for the first time on appeal." *Monson v. Carver,* 928 P.2d 1017, 1022 (Utah 1996) (quotations and citation omitted). Thus, we decline to consider those issues on appeal.[2]

¶ 7 Accordingly, the dismissal of Burleigh's petition is affirmed.

**2.** The State filed a motion to strike portions of Burleigh's response that raised new issues. By this decision, the motion to strike is denied.